**IBRAHIM AHMED LAW GROUP, P.C.**
Ibrahim Ahmed, Esq. ID # 265622018
 4105 US-1 South, Suite 2
Monmouth Junction, NJ 08852
Tel: (732) 800-0251
Email: i.ahmed@ibrahimalaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____X
MASSIMO AIELLO,                          :
                                         :    Civil Case No.
            Plaintiff,                   :
                                         :
        vs.                              :    **COMPLAINT**
                                         :
CSAA INSURANCE EXCHANGE                  :    **JURY TRIAL**
                                         :    **DEMANDED**
            Defendant.                   :
_____X

## INTRODUCTION

1. In this action, Plaintiff Massimo Aiello seeks damages from Defendant CSAA Insurance Exchange under the common law theories of Breach of Contract and Legal Misrepresentation, Fraud, and state law, including the New Jersey Consumer Fraud Act.

2. Defendant misrepresented to Plaintiff that they would insure the contents of his basement and have fraudulently denied reimbursing Plaintiff for the personal belongings, repairs, and contents of his home.

## PARTIES

3. Plaintiff Massimo Aiello is a citizen of New Jersey and currently resides at 182 Lawn Park Ave, Lawrence Township, NJ 08648.

4. Defendant CSAA Insurance Exchange is a corporation with a principal place of business at 200 Commerce Dr., Newark, DE 19713.

## JURISDICTION AND VENUE

5.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. This Court has supplemental jurisdiction over Massimo Aiello's state law claims pursuant to 28 U.S.C. § 1367.

6.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b), because the events that give rise to this action occurred within this district and defendant is subject to the court's personal jurisdiction with respect to such action.

## FACTUAL ALLEGATIONS

7.  Plaintiff and Defendant entered a contract for insurance coverage for the Plaintiff's house located at 182 Lawn Park Ave., Lawrence Township, NJ 08648.

8.  On June 8, 2020, Plaintiff emailed James DeCaro, an insurance representative of the Defendant, inquiring as to the cost of adding $100,000 worth of materials coverage to the flood insurance. **(see Exhibit A).** DeCaro informed Plaitniff that the insurance premium would be increased.

9.  After DeCaro informed Plaintiff of the premium increase, he agreed to add the additional $100,000 to his insurance coverage. **(see Exhibit A).**

10. As per the new agreement, Plaintiff had a $100,000 insurance coverage for the contents located in his basement and the rest of the home. **(see Exhibit B)**

11. On September 1, 2021, Plaintiff experienced extensive flood damage from the catastrophic effects of Hurricane Ida.

12. The damage included: destruction of personal property in their basement, extensive damage to the structural integrity of the basement, loss of materials in the garage, and complete loss of HVAC and water heater. (photos included).

2

13. Plaintiff subsequently filed two separate insurance claims: 1) Flood (NFIP) Claim and 2) Dwelling claim. **(see Exhibit D).**

14. According to Plaintiff's insurance policy, under Section I, subsection A and C titled **"Dwelling and Personal Property"**, both claims should have been covered. **(see Exhibit C).**

15. After Plaintiff submitted the claims to the insurance company, Defendant sent an inspector to examine Plaintiff's premises.

**16.** After inspection, the Defendant informed the Plaintiff that they would not be reimbursing him for the personal property damage in the basement and garage. This is because, according to Defendant, the garage and basement did not satisfy the insurance qualifications of **"basement and above."**

17. Yet, Plaintiff used the downstairs area as a basement and additionally, according to his insurance assessment, the area classified as a **"basement." (see Exhibit E).**

18. Even further, despite being told in June 2020 that he had a $100,000 flood insurance policy, Defendant refuses to reimburse Plaintiff for additional damaged contents in their home.

19. Plaintiff continues to be damaged by the Defendant's refusal to reimburse Plaintiff for the damages to his property that should have been covered by the insurance.

20. As a result, Defendant's costs include $4,629.09 in clean up expenses, $5,950 in structural repair to the basement, and $18,425 replacement of their heating, cooling, and HVAC system. **(see Exhibit F).** Further, there are several other expenses Plaintiff incurred in order to repair the basement included in Exhibit G. **(<u>see</u> Exhibit G).**

21. A full list of the damaged contents is attached hereto and labeled as **Exhibit H**. **(<u>see</u> Exhibit H).**

## <u>COUNT ONE</u>
## <u>LEGAL MISREPRESENTATION/FRAUD</u>

22. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

23. Defendant intentionally and knowingly misrepresented to Mr. Aiello the scope and conditions of his insurance policy. To induce Mr. Aiello into signing the policy, they agreed to cover the contents of his **"basement and above."** Additionally, both parties agreed to include a $100,000 content coverage to his flood policy.

24. Defendant made the above misrepresentations with the intention that Mr. Aiello rely on such in order to entice Mr. Aiello to sign the policy.

25. As a direct and proximate result of these actions, Mr. Aiello has sustained damages to be determined at trial.

**WHEREFORE**, Plaintiff requests that the Court:

a.  Award Plaintiff damages in the amount of ($80,000.00)

b. Award Plaintiff reimbursement of $80,000.00);

c. Award Plaintiff compensatory damages, consequential damages and/or punitive damages, including the cost of moving fees and storage unit;

d. Award Plaintiff reasonable attorney fees, expenses, and all costs of this suit;

e. Award Plaintiff pre- and post-judgment interest as allowed by law; and

f. Order such other appropriate relief as the interests of justice may require.

## COUNT TWO
## BREACH OF CONTRACT

26. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

27. Under current New Jersey Law, to prevail on a breach of contract claim, a party must prove a valid contract between the parties, the opposing party's failure to perform a defined obligation under the contract, and the breach caused the claimant to sustain damages. EnviroFinance Group, LLC. v. Environmental Barrier Co., LLC, 440 N.J. Super. 325 (N.J. Super. Ct. App. Div. 2015).

28. Plaintiff and Defendant entered a valid insurance contract whereby the Plaintiff agreed to remit premiums with the guarantee that the Defendant would provide insurance coverage.

29. Additionally, Defendant failed to perform their defined obligation of providing insurance coverage by refusing to reimburse Plaintiff for damage sustained to his house and personal belongings.

30. As such, as a direct and proximate result of these actions, Plaintiff has and continues to sustain damages to be determined at trial.

**WHEREFORE**, Plaintiff requests that the Court:

a. Award Plaintiff damages in the amount of ($80,000.00)

b. Award Plaintiff reimbursement of ($80,000.00);

c. Award Plaintiff compensatory damages, consequential damages and/or punitive damages, including the cost of moving fees and storage unit;

d. Award Plaintiff reasonable attorney fees, expenses, and all costs of this suit;

e. Award Plaintiff pre- and post-judgment interest as allowed by law; and

f. Order such other appropriate relief as the interests of justice may require.

## COUNT THREE
## VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT

31. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

32. By the foregoing conduct, defendants have violated New Jersey's Consumer Protection Act pursuant to N.J.S.A. 56:8-2.

33. Pursuant to the New Jersey Consumer Fraud Act N.J.S.A. 56:8-2, "the act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression or omission, of any material fact . . . in connection with the sale or advertisement of any merchandise or real estate", or with the subsequent performance of such person as aforesaid, is declared to be unlawful.

34. Defendant's deliberate and knowing actions constitutes deception, fraud, false pretense, false promises, concealment of material facts, and misrepresentations.

35. Defendant actions, representations, inducements, and warrants were false or misleading and, in fact, were known to be false or misleading by Defendant, when Defendant failed to disclose that areas of Plaintiff's home would not be covered by insurance.

36. The acts, omissions and practices of Defendant detailed herein proximately caused Plaintiff to suffer an ascertainable loss in the form of monies spent to repair and replace his personal property he otherwise would not have, and he is entitled to recover such damages, together with appropriate penalties, including treble damages, attorneys' fees, and costs of suit.

37. As a result of the material representation(s) and/or omissions by Defendant, Plaintiff has sustained damages to be determined at trial.

**WHEREFORE**, Plaintiff respectfully requests that judgment be granted as follows:

a. Award Plaintiff damages in the amount of ($80,000.00)

b. Award Plaintiff reimbursement of ($80,000.00);

c. Award Plaintiff compensatory damages, consequential damages and/or

punitive damages, including the cost of moving fees and storage unit;

d. Award Plaintiff reasonable attorney fees, expenses, and all costs of this suit;

e. Award Plaintiff pre- and post-judgment interest as allowed by law; and

f. Order such other appropriate relief as the interests of justice may require.

**IBRAHIM AHMED LAW GROUP, P.C.**
4105 US-1 South, Suite 2
Monmouth Junction, NJ 08854
Tel: (732) 800-0251
Email: i.ahmed@ibrahimalaw.com


By:  */s/ Ibrahim Ahmed*
Ibrahim Ahmed, Esq.


Dated: April 7, 2022